Per Curiam.

We think it very clear that the suit and judgment on the mortgage, and the entry and possession under it, cannot be construed a payment of the debt by Smith to the mortgagee. The whole is but a process to compel payment, and is only equivalent to an entry to foreclose without a judgment. To consider it payment would be to compel the mortgagee to become a purchaser,' when he might choose to hold the premises as a pledge or security for the debt.
After foreclosure, the indefeasible title being in the mortgagee, the estate may be valued, and he may then be deemed to have received payment pro tanto. The cases cited are all of the latter sort, where the right of redemption is extinguished. Such must have been the case of Amory v. Fairbanks, which has been much relied on.[1]
In regard to the sum of 30 dollars, for which ■ a verdict has been rendered for the plaintiff, we think that on a contract to pay a sum of money, when it should be collected out of certain funds, the promisor is not obliged to pay over every small sum as he shall collect it; certainly not without a demand. It must have been expected that the defendant should have time *350 to collect the whole sum due to the plaintiff. There may be cases where only a part can be collected, and there it may be proper to pay it over ; hut this case is not of that kind.

Plaintiff nonsuit.

 See Hedge v. Holmes, 10 Pick. 380; 1 Hilliard’s Abr. 341, et seq. and cases cited; Revised Stat c. 107, § 33.